FILED
CLERK, U.S. DISTRICT COURT
3/5/2024
CENTRAL DISTRICT OF CALIFORNIA
BY: ___TV___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2024 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>MARTEL MORFIN,<br><br>　　　　Defendant. | CR No. 2:24-cr-00144-SPG<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1951(a): Interference with Commerce by Robbery, and Attempted Interference with Commerce by Robbery; 18 U.S.C. §§ 924(c)(1)(A)(i), (ii): Using, Carrying, Possessing, and Brandishing a Firearm in Furtherance of, and During and in Relation to, a Crime of Violence; 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm and Ammunition; 18 U.S.C. §§ 924(d)(1), 981(a)(1)(C), and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

　　The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 1951(a)]

　　On or about December 29, 2023, in Los Angeles County, within the Central District of California, defendant MARTEL MORFIN obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce by knowingly and willingly committing

robbery, in that defendant MORFIN unlawfully took property consisting of approximately $350 in cash belonging to Burger King, located at 7956 Lankershim Boulevard, in Los Angeles, California, a national fast-food chain, the inventory of and payments to which traveled in interstate commerce, in the presence of Burger King employees, against their will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to their persons.

COUNT TWO

[18 U.S.C. §§ 924(c)(1)(A)(i), (ii)]

On or about December 29, 2023, in Los Angeles County, within the Central District of California, defendant MARTEL MORFIN knowingly used and carried a firearm, namely, a Ruger, Model P95, 9mm caliber semiautomatic pistol, bearing an obliterated serial number, during and in relation to, and possessed the firearm in furtherance of, a crime of violence, namely, Interference with Commerce by Robbery, in violation of Title 18, United States Code, Section 1951(a), as charged in Count One of this Indictment, and, in so doing, brandished the firearm.

COUNT THREE

[18 U.S.C. § 1951(a)]

On or about December 30, 2023, in Los Angeles County, within the Central District of California, defendant MARTEL MORFIN obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce by knowingly and willingly committing robbery, in that defendant MORFIN unlawfully took property consisting of approximately $1,000 in cash belonging to JR Taco Llama, located at 10118 San Fernando Road, in Los Angeles, California, a fast-food restaurant, the inventory of and payments to which traveled in interstate commerce, in the presence of a JR Taco Llama employee, against his will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to his person.

COUNT FOUR

[18 U.S.C. §§ 924(c)(1)(A)(i), (ii)]

On or about December 30, 2023, in Los Angeles County, within the Central District of California, defendant MARTEL MORFIN knowingly used and carried a firearm, namely, a Ruger, Model P95, 9mm caliber semiautomatic pistol, bearing an obliterated serial number, during and in relation to, and possessed the firearm in furtherance of, a crime of violence, namely, Interference with Commerce by Robbery, in violation of Title 18, United States Code, Section 1951(a), as charged in Count Three of this Indictment, and, in so doing, brandished the firearm.

COUNT FIVE

[18 U.S.C. § 1951(a)]

On or about January 2, 2024, in Los Angeles County, within the Central District of California, defendant MARTEL MORFIN attempted to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by knowingly and willingly committing robbery, in that defendant MORFIN attempted to unlawfully take property belonging to Wendill's Chicken, located at 10337 San Fernando Road, in Los Angeles, California, a fast-food restaurant, the inventory of and payments to which traveled in interstate commerce, in the presence of a Wendill's Chicken employee, against her will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to her person.

COUNT SIX

[18 U.S.C. § 1951(a)]

On or about January 9, 2024, in Los Angeles County, within the Central District of California, defendant MARTEL MORFIN obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce by knowingly and willingly committing robbery, in that defendant MORFIN unlawfully took property consisting of approximately $500 in cash belonging to Mobil Gas Station, located at 13310 Osborne Street, in Los Angeles, California, a national gas corporation, the inventory of and payments to which traveled in interstate commerce, in the presence of a Mobil Gas Station employee, against his will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to his person.

## COUNT SEVEN

[18 U.S.C. § 1951(a)]

On or about January 12, 2024, in Los Angeles County, within the Central District of California, defendant MARTEL MORFIN attempted to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by knowingly and willingly committing robbery, in that defendant MORFIN attempted to unlawfully take property belonging to Del Taco, located at 10337 San Fernando Road, in Los Angeles, California, a national fast-food chain, the inventory of and payments to which traveled in interstate commerce, in the presence of a Del Taco employee, against his will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to his person.

COUNT EIGHT

[18 U.S.C. § 922(g)(1)]

On or about January 17, 2024, in Los Angeles County, within the Central District of California, defendant MARTEL MORFIN knowingly possessed the following firearm and ammunition, each in and affecting interstate and foreign commerce:

1. A Ruger, Model P95, 9mm caliber semiautomatic pistol, bearing an obliterated serial number; and

2. Seven rounds of CBC 9mm ammunition.

Defendant MORFIN possessed such firearm and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1. Delivery of a Controlled Substance, namely methamphetamine, in violation of Revised Code of Washington Sections 69.50.401(1), (2)(b), in the Superior Court for the State of Washington, County of Yakima, case number 16-1-00284-39, on or about September 6, 2017;

2. Delivery of a Controlled Substance, namely methamphetamine, in violation of Revised Code of Washington Sections 69.50.401(1), (2)(b), in the Superior Court for the State of Washington, County of Yakima, case number 16-1-00284-39, on or about September 6, 2017; and

3. First Degree Unlawful Possession of a Firearm, in violation of Revised Code of Washington Section 9.41.040(1)(a), in the Superior Court for the State of Washington, County of Yakima, case number 22-1-00692-39, on or about January 12, 2023.

FORFEITURE ALLEGATION ONE

[18 U.S.C. §§ 981(a)(1)(C), 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of defendant's conviction of the offenses set forth in any of Counts One, Three, and Five through Seven of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

    a. All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to any of the offenses;

    b. All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

    c. To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

1                     FORFEITURE ALLEGATION TWO
2               [18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]
3       1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal
4  Procedure, notice is hereby given that the United States of America
5  will seek forfeiture as part of any sentence, pursuant to Title 18,
6  United States Code, Section 924(d)(1), and Title 28, United States
7  Code, Section 2461(c), in the event defendant's conviction of the
8  offenses set forth in any of Counts Two, Four, or Eight of this
9  Indictment.
10      2.   The defendant, if so convicted, shall forfeit to the United
11 States of America the following:
12           a.   All right, title, and interest in any firearm or
13 ammunition involved in or used in such offense; and
14           b.   To the extent such property is not available for
15 forfeiture, a sum of money equal to the total value of the property
16 described in subparagraph (a).
17      3.   Pursuant to Title 21, United States Code, Section 853(p),
18 as incorporated by Title 28, United States Code, Section 2461(c),
19 defendant, if so convicted, shall forfeit substitute property, up to
20 the value of the property described in the preceding paragraph if, as
21 the result of any act or omission of said defendant, the property
22 described in the preceding paragraph or any portion thereof (a)
23 cannot be located upon the exercise of due diligence; (b) has been
24 transferred, sold to, or deposited with a third party; (c) has been
25 placed beyond the jurisdiction of the court; (d) has been
26 //
27
28

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                        A TRUE BILL


                                          /s/
                                        Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

BENEDETTO L. BALDING
Assistant United States Attorney
Deputy Chief, General Crimes Section

KELLY LAROCQUE
Assistant United States Attorney
General Crimes Section